UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| PATRICIA G. PITTMAN, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.: 2:08cv00187-MHT |
| JOHN KNOX MANOR NURSING HOME, | * | |
| Defendant. | * | |

## ANSWER

COMES NOW the improperly named Defendant, who is named as John Knox Manor Nursing Home, and hereby files an Answer to the Complaint filed by the Plaintiff and in response to same would state as follows:

1. Defendant admits to the allegations of paragraph 1.

2. Defendant denies the allegations of paragraph 2 as to the Defendant's name. The Defendant admits to the address and the nature of business.

3. Defendant admits to the allegations of paragraph 3 in that the Plaintiff seeks recovery under this statute but denies any and all liability and any wrongdoing as.

4. Defendant admits to the allegations of paragraph 4.

5. Defendant admits to the allegations of paragraph 5.

6. Defendant denies the allegations set out in paragraph 6 and demands strict proof thereof.

7. Defendant denies the allegations set out in paragraph 7 and demands strict proof thereof.

8. Defendant denies the allegations set out in paragraph 8 and demands strict proof

thereof.

9. Defendant denies the allegations set out in paragraph 9 and demands strict proof thereof.

10. Defendant denies the allegations set out in paragraph 10 and demands strict proof thereof.

11. Defendant denies the allegations of paragraph 11 and states that the claims of the Plaintiff were dismissed as unfounded in fact and law.

12. Defendant denies the allegations set out in paragraph 12 and demands strict proof thereof. Plaintiff states that no relief is due and further that the indictment of the Plaintiff for theft prevents any recovery.

## **FIRST DEFENSE**

The Plaintiff's claim is barred to the extent that she has failed to mitigate her alleged damages.

## **SECOND DEFENSE**

At all times, the Defendant acted in good faith and based upon legitimate business reasons.

## **THIRD DEFENSE**

All employment decisions made by the Defendant respecting Plaintiff were made for legitimate, non-discriminatory, non-retaliatory, non pre-textual business reasons, and would have been made for those other reasons, irrespective of Plaintiff's use of FMLA leave and/or her protected status or conduct under the FMLA Act, if any or any other statute.

### FOURTH DEFENSE

Plaintiff is estopped and lacks clean hands to seek the any equitable relief she wants in that she made false statements on her employment application and was indicted for theft from her previous employer as well as other conduct.

### FIFTH DEFENSE

Defendant states that it did not intentionally, willfully or maliciously violate any statute or law relied upon in the Complaint. To the extent that Plaintiff's claims against Defendant rest on conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, liquidated damages are not recoverable.

### SIXTH DEFENSE

With respect to all of Plaintiff's claims, Defendant pleads, in the alternative and without waiving any other defense, that the acts of Defendant were privileged under the law including, but not limited to, under the employment-at-will doctrine.

### SEVENTH DEFENSE

Any factual assertions or allegations made in Plaintiff's Complaint that are not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred because Defendant has not violated Plaintiff's rights nor has it acted in a manner which justifies the award of any damages.

### NINTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, consent, justification, laches, and/or unclean hands.

## TENTH DEFENSE

Defendant adopts all defenses and limitations under the FMLA and the ADA and applicable state laws.

## ELEVENTH DEFENSE

Plaintiff is not entitled to a recovery based on any count in her Complaint because:

a.  Plaintiff has not been damaged in that the termination was proper;

b.  Defendant did not engage in any wrongful conduct giving rise to a cause of action in favor of Plaintiff;

c.  Plaintiff has misstated the nature and extent of her claimed damages as the termination was proper and the Plaintiff would have been terminated upon her arrest indictment for theft from her previous employer and upon her admission of theft.

## TWELFTH DEFENSE

Defendant did not engage in any discriminatory, harassing, retaliatory or unlawful conduct toward Plaintiff. All employment decisions relating to Plaintiff, including but not limited to the termination of Plaintiff's employment, were made for legitimate non-discriminatory and non-retaliatory reasons.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's claims are barred because Defendant has at all times acted reasonably and in good faith toward Plaintiff and towards the well being of the nursing home residents, staff and visitors.

## FOURTEENTH DEFENSE

Defendant denies that it has violated the FMLA or the ADA. However, to the extent a violation is found, Defendant acted in good faith and with reasonable grounds to believe it had not violated the Act and acted in good faith for the well being of the patients of the nursing home, the staff and the visitors.

## FIFTEENTH DEFENSE

Plaintiff cannot establish that Defendant had a knowing or reckless disregard for whether its conduct was prohibited by the FMLA or ADA Acts or any applicable state laws or federal regulations.

## SIXTEENTH DEFENSE

Defendant specifically denies that Plaintiff's alleged protected status or alleged disability was a factor in any decision relating to her employment. However, due to the extent a fact finder determines otherwise, Defendant specifically states that it would have made the same decision with respect to Plaintiff in any event on the day of her indictment for theft and her arrest for theft.

## SEVENTEENTH DEFENSE

All of Defendant's actions toward Plaintiff were based upon reasonable factors other than age, disability, or protected conduct.

## EIGHTEENTH DEFENSE

Defendant did not engage in any willful violation of any law, and Defendant did not act with malice or with reckless indifference to the federally protected rights of Plaintiff, nor did Defendant authorize or ratify any such actions.

## NINETEENTH DEFENSE

To the extent Plaintiff seeks compensatory and/or punitive damages, such damages are unavailable under the Family Medical Leave Act. Even if one of Defendant's employees acted inappropriately towards Plaintiff (which Defendant denies), such action is contrary to Defendant's good faith efforts to comply with the ADA and FMLA and the Plaintiff is not entitled to punitive damages.

## TWENTIETH DEFENSE

Plaintiff cannot prove any discriminatory or retaliatory conduct by Defendant; alternatively, even if Plaintiff could prove such conduct by Defendant (which Plaintiff cannot), Defendant would have taken the same actions based upon legitimate, non-discriminatory and non-retaliatory reasons including the Plaintiff making false statements on her application for employment and her indictment for theft and her arrest for theft.

## TWENTY-FIRST DEFENSE

Plaintiff is not entitled to some or all of the relief requested in her Complaint because, even if Defendant were found to have considered any impermissible factors in any decision or actions with respect to Plaintiff, which Defendant denies, no such decisions or actions were motivated by any impermissible factors.

## TWENTY-SECOND DEFENSE

Plaintiff is not entitled to punitive damages.

## TWENTY-THIRD DEFENSE

The imposition of punitive damages would violate the Fourth, Fifth and/or Sixth Amendments to the United States Constitution because (a) the standard of liability for punitive

6

damages is inadequate, subjective and unduly vague, permitting random, arbitrary, capricious, excessive and/or disproportionate punishment that served no legitimate government interest; and (b) there are inadequate standards and procedures for reviewing awards of punitive damages.

### TWENTY-FOURTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the constitutional safeguards provided to the Defendant under the Constitution of the United States of America and the Constitution of the State of Alabama.

### TWENTY-FIFTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in her Complaint because, even if Defendant were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, Defendant would have taken the same action with regard to Plaintiff's employment regardless or any impermissible factors.

### TWENTY-SIXTH DEFENSE

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence, and it reserves the right to amend this Answer to state such defenses.

WHEREFORE, PREMISES CONSIDERED, having fully answered, Defendant requests that the complaint be dismissed in its entirety and that they be awarded their costs incurred in the defense hereof.

DATED this 11th day of April, 2008.

_____
MARK N. CHAMBLESS (CHA013)
Attorney for Plaintiff

OF COUNSEL:
CHAMBLESS, MATH ❖ CARR, P.C.
5720 Carmichael Road
Post Office Box 230759
Montgomery, Alabama 36123-0759
Telephone: (334) 272-2230
Facsimile: (334) 532-2900
mchambless@chambless-math.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above and foregoing document upon all counsel of record <u>as listed below</u> by depositing a copy of same in the United States Mail, postage prepaid and by e-filing on this the _11th_ day of April, 2008.

                                                 OF COUNSEL

Patricia G. Pittman
5421 Coosada Road
Coosada, AL 36020